IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-09-CV-327-XR |
| | § | |
| JAMAL TAWIL, BASSAM TAWIL, and | § | |
| NIZAR TAWIL, Individually, and as | § | |
| officers, directors, shareholders and/or | § | |
| principals of KENO INVESTMENTS, LLC | § | |
| d/b/a RANDY'S BALLROOM, and KENO | § | |
| INVESTMENTS, LLC d/b/a RANDY'S | § | |
| BALLROOM, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER ON MOTION TO DISMISS**

On this day, the Court considered Defendants' Motion to Dismiss or in the Alternative for a More Definite Statement (Docket Entry No. 20).  Having reviewed the motion and Plaintiff's response, the Court DENIES Defendants' motion to dismiss and DENIES Defendants' motion for a more definite statement.

**Background**

Plaintiff, J&J Sports Productions, Inc., is a California corporation with its principal place of business in Campbell, California.  Defendants Jamal Tawil, Bassam Tawil, and Nizar Tawil are residents of San Antonio, Texas, and officers, directors, shareholders, and/or principals of Keno Investments, LLC and Randy's Ballroom.  J&J Sports Productions alleges that it was granted the right to distribute the May 5, 2007, boxing match between Oscar de la Hoya and Floyd Mayweather via closed circuit television and encrypted satellite signal.  (Pl.'s 1st Am. Compl. ¶ 17 (June 29,

1

2009) [Docket Entry No. 8] ("Compl.").) Plaintiff contends that it entered into agreements with various entities in the State of Texas to allow them to exhibit the broadcast to their patrons. (*Id.* ¶ 18.) J&J Sports Productions claims that Defendants and/or their agents exhibited the broadcast to their patrons without authorization. (*Id.* ¶¶ 19–20.) Plaintiff filed suit against Defendants for violations of 47 U.S.C. § 605(a), which prohibits the unauthorized publication or use of the transmission of a communication, and 47 U.S.C. § 553, which prohibits the unauthorized reception, interception, and exhibition of a communications service offered over a cable system. (*Id.* ¶¶ 16–33.)

### Defendants' Motion

Defendants filed a Motion to Dismiss or in the Alternative for More Definite Statement, Affirmative Defenses, Counterclaims Against Plaintiff J&J Sports Productions, Inc. and Cross Claims Against Third Party Defendants Austin Dish, Direct TV Commercial Retailer d/b/a Direct TV Austin a/k/a DirectTV. (Mot. to Dismiss or for More Definite Statement (Aug. 18, 2009) [Docket Entry No. 20] ("Mot.").) Defendants move to dismiss Plaintiff's claims pursuant to rules 8, 9, and 12(b)(7). (*Id.* at 2–4.) Defendants allege that J&J Sports Productions "has not stated a short and plain statement of jurisdiction or showing that the pleader is entitled to relief . . . ." (*Id.*) They further argue that Plaintiff did not plead with particularity the circumstances constituting fraud or mistake in violation of rule 9. (*Id.* at 3.) Defendants also ask the Court to dismiss the case pursuant to rule 12(b)(7), which requires the dismissal of a case for failure to join a party under rule 19. (*Id.*) They further request that the Court strike paragraph 21 of Plaintiff's First Amended Complaint, contending that it is "'boilerplate language" that "contains extraneous matters that are prejudicial to the defense." (*Id.*)

**Analysis**

*A. Dismissal Pursuant to Rule 9*

Defendants move to dismiss pursuant to rule 9 of the Federal Rules of Civil Procedure. The relevant portion of rule 9 reads: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). A motion to dismiss pursuant to rule 9(b) is treated in the same manner as a motion to dismiss pursuant to rule 12(b)(6). *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 328 (5th Cir. 2003); *United States ex rel. Lam v. Tenet Healthcare Corp.*, 481 F. Supp. 2d 689, 693 (W.D. Tex. 2007). A motion to dismiss pursuant to rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). Such motions "'are viewed with disfavor and rarely granted.'" *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 231 (5th Cir. 2009) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005)).

Here, Plaintiff did not allege a claim for fraud or mistake within the meaning of rule 9(b). Plaintiff's claims involve violations of 47 U.S.C. § 605, prohibiting the unauthorized reception and publication or use of communications, and 47 U.S.C. § 553, prohibiting the unauthorized reception, interception, and exhibition of communications services offered over a cable system. A suit based on either statute does not present a claim in fraud. *See TWC Cable Partners v. Conzo*, No. 96-CV-6042 (JG), 1997 WL 1068670, at *3 (E.D.N.Y. Apr. 23, 1997). As a result, the Court must deny Defendants' motion to dismiss pursuant to rule 9(b) since the rule is inapplicable to the claims brought by Plaintiff.

*B. Failure to Plead Jurisdiction*

Defendants cite rule 8(a) for the proposition that a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." *See* FED. R. CIV. P. 8(a). They claim that Plaintiff "has not stated a short and plain statement of jurisdiction or showing that the pleader is entitled to relief under the circumstances at bar." (Mot. at 2.) Even though Defendants fail to provide the basis for dismissal pursuant to rule 8, the Court will construe their argument as based on rule 12(b)(1) and 12(b)(2).[1] Rules 12(b)(1) and 12(b)(2) allow a party to assert a defense for lack of subject matter jurisdiction and lack of personal jurisdiction. FED. R. CIV. P. 12(b)(1), (b)(2).

J&J Sports Productions presents a clear and concise statement of the Court's jurisdiction.[2] Substantively, the Defendants do not challenge the Court's jurisdiction and even admit to it, stating: "Defendants acknowledge that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. Section 1331 [and] Defendants acknowledge that this Court has personal jurisdiction over the parties . . . . (Mot. at 4–5.) Th districts court have original jurisdiction on all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Plaintiff brought this suit pursuant to two federal laws. As residents of Texas, and based on their

---

[1] If the pleading were unclear, the Court could order Plaintiff to provide a more definite statement pursuant to rule 12(e). *See infra* Part D. However, Defendants move for dismissal pursuant to rule 8, questioning whether Plaintiff provided a concise statement of jurisdiction. Although unclear, the Court will construe Defendants' statement as a substantive challenge to the Court's jurisdiction.

[2] The Complaint reads: "This action is brought pursuant to 47 U.S.C. §§ 553, 605, et. seq. [] This Court has jurisdiction of the subject matter pursuant to 28 U.S.C. Section 1331 . . . . This Court has personal jurisdiction over the parties in this action . . . . The defendants' wrongful acts [occurred] within the control of [defendants] in the State of Texas." (Compl. ¶¶ 1–4.)

4

admission, the Court has personal jurisdiction over the Defendants. The Court, having subject-matter jurisdiction and personal jurisdiction over the parties, denies a motion to dismiss for lack of jurisdiction.

*C. Dismissal Pursuant to Rule 12(b)(7)*

Defendants argue that this case should be dismissed pursuant to rule 12(b)(7). The Court may dismiss a claim pursuant to rule 12(b)(7) for "failure to join a party under Rule 19." FED. R. CIV. P. 12(b)(7). Rule 19 provides for the joinder of parties whose presence is required to resolve the case. *See HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003). "A prerequisite to a proper dismissal for failure to join an indispensable party is that the absent party, if added, would divest the court of subject-matter jurisdiction." *August v. Boyd Gaming Corp.*, 135 Fed. App'x 731, 732 (5th Cir. 2005).

Here, Defendants contend that they notified J&J Sports Productions of a licensing agreement they signed with Austin Dish, which put Plaintiff on notice that Austin dish is a necessary party for adjudication pursuant to rule 19. (Mot. at 3.) Defendants provide no argument that the addition of Austin Dish would divest this Court of subject matter jurisdiction.[3] The addition of Austin Dish will not divest this Court of jurisdiction since the case is based on a federal question. Therefore, dismissal pursuant to rule 12(b)(7) is inappropriate.[4]

---

[3]Defendants filed a cross-claim against Austin Dish, Direct TV Commercial Retailer d/b/a Direct TV Austin a/k/a DirectTV. The cross-claim did not deprive this Court of subject matter jurisdiction.

[4]In support of its position that the Defendants placed J&J Sports Productions on notice of Defendants' agreement with Austin Dish, they cite *U.S. ex rel. Columbia v. HCA Health Care Corp.*, 125 F.3d 899, 901 (5th Cir. 1997), and *PYCA Industries v. Harrison City Waste Management District*, 177 F.3d 351, 363 (5th Cir. 1999). The cases have no bearing on the issue. *HCA Health Care Corp.* involves the dismissal of a motion pursuant to rules 12(b)(6) and 9(b), and not rule

*D. Motion for More Definite Statement*

Although Defendants do not cite rule 12(e), they request a more definite statement from Plaintiff. Federal Rule of Civil Procedure 8(a) requires that a pleading that states a claim for relief contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." FED. R. CIV. P. 8(a). Rule 12(e) provides: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). A plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Courts generally disfavor granting motions for a more definite statement. *Benavides v. Laredo Med. Ctr.*, No. L-08-105, 2009 WL 1755004, at *8 (S.D. Tex. June 18, 2009) (citing *Wesley v. Dallas Indep. Sch. Dist.*, 2009 WL 193786, Civ. No. 3:08-2025, at *3 (N.D.Tex. Jan. 27, 2009)). However, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a defendant can move for a more definite statement. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). To determine whether a rule 12(e) motion should be granted, the Court should assess wither the complaint is one to which the defendant could reasonably prepare a responsive pleading. *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959).

Here, Plaintiff declares the two statutory bases for its complaint and presents the factual

---

12(b)(7). *HCA Health Care Corp.*, 125 F.3d at 901. *PYCA Industries* involves the pleading requirements "where a defense is bound up in the respective rights of the parties in light of the contract as a whole . . . ." *PYCA Indus.*, 177 F.3d at 363.

circumstances upon which it bases its claim.[5] Defendants were able to identify a third-party defendant based on the facts and circumstances of the claim and provide an answer to the complaint. Clearly, the complaint has made Defendants aware of allegations in a manner that provides sufficient notice.

Defendants specifically request that Plaintiff "replead its theories of liability in view of the joinder of the third party defendants." (Mot. at 4.) However,

> Rule 12(e)'s standard is plainly designed to strike at unintelligibility rather than a lack of detail. Courts frown on a litigant's use of the motion as a 'shotgun tactic' to substitute for discovery . . . . In the presence of proper, although general allegations, the motion will usually be denied on the grounds that discovery is the more appropriate vehicle for obtaining the detailed information.

2 JAMES WM. MOORE, ET. AL., MOORE'S FEDERAL PRACTICE, ¶ 12.36 (3d ed. 1999); *see also Nebout v. City of Hitchcock*, 71 F. Supp. 2d 702, 706 (S.D. Tex. 1999) (stating that "a motion for a more definite statement may not be used as a substitute for discovery"). Plaintiff need not replead its claims as the proper method for Defendants to determine Plaintiff's theory in light of the joinder of third-party defendants is discovery. Consequently, Plaintiff's motion for a more definite statement is denied.

*E. Motion to Strike*

Defendants move the Court to strike paragraph 21 of the Plaintiff's complaint. (Mot. at 4.) Although not cited by Defendants, rule 12(f) allows the Court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "The motion to strike should be granted only when the pleading to be stricken has no possible relation to the

---

[5] As previously noted, Plaintiffs provided a statement regarding the Court's jurisdiction on this matter. *See supra* note 2.

controversy." *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962). Granting such a motion is a drastic remedy, viewed with disfavor, and rarely granted. *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 645 (N.D. Tex. 2007).

Here, Defendants do not argue that the allegation is redundant, immaterial, or impertinent. Defendants argue that it is "'boilerplate' language intended to apply to litigants that 'pirate' the [broadcast] signal with no intention of compensating the owners of the broadcast rights [and] Defendants deserve better than to be swept into such a broad category." (Mot. at 3–4.) The Court construes Defendants' statement as an argument that the paragraph should be struck for being scandalous. "'Scandalous' in Rule 12(f) 'generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.'" *Florance*, 500 F. Supp. 2d at 645 (quoting *Cobell v. Norton*, 224 F.R.D. 266, 280 (D.D.C. 2004)). J&J Sports Productions argues: "The contents in paragraph 21 describe the various ways that defendants could have illegally obtained the transmission of the event." (Pl.'s Resp. (Sept. 10, 2009) [Docket Entry No. 24].) The allegations go the very heart of Plaintiff's claims and have bearing on the subject matter of this litigation: whether Defendants did or did not broadcast a boxing match without authorization and whether or not such action constitutes a violation of federal law. Consequently, Defendants' motion to strike paragraph 21 is denied.

**Conclusion**

Based on the aforementioned analysis, the Court DENIES Defendants' motion to dismiss and motion for a more definite statement. The Court further DENIES Defendants' motion to strike paragraph 21 of Plaintiff's complaint.

It is so ORDERED.

SIGNED this 9th day of November, 2009.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE