# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. SA-09-CV-947-XR |
| | § | |
| JAMAL TAWIL, BASSAM TAWIL, and | § | |
| NIZAR TAWIL, Individually, and as | § | |
| officers, directors, shareholders and/or | § | |
| principals of KENO INVESTMENTS, LLC | § | |
| d/b/a RANDY'S BALLROOM, and KENO | § | |
| INVESTMENTS, LLC d/b/a RANDY'S | § | |
| BALLROOM, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER ON MOTION FOR NEW TRIAL

On this day, the Court considered Defendants' Motion for New Trial and Request for Hearing

and Oral Argument. (Docket Entry No. 40). Having reviewed Defendants' motion and Plaintiff's

response, Defendants' motion is DENIED. The parties have sufficiently briefed the Court so that

it may render a decision on this matter; therefore, Defendants' request for a new trial is DENIED.

## Procedural History

The Court summarized the procedural history of this case in its Order on Defendants' motion

for reconsideration.

> Plaintiff filed suit against Defendants for violations of 47 U.S.C. § 605(a), which
> prohibits the unauthorized publication or use of the transmission of a communication, and
> 47 U.S.C. § 553, which prohibits the unauthorized reception, interception, and exhibition of
> a communications service offered over a cable system. (Pl.'s 1st Am. Compl. ¶¶ 16–33
> (June 29, 2009) [Docket Entry No. 8].) Defendants filed a counterclaim "for bringing suit
> against defendants prior to determining the contractual relationship [Defendants] had with
> [a third party]." (Def.s' Mot. to Dismiss or in the Alternative for More Definite Statement,

Affirmative Defenses, Countercl.s Against Pl. J&J Sports Production, Inc. & Cross-cl.s Against 3d Party Def.s Austin Dish, Direct TV Commercial Retailer d/b/a Direct TV Austin a/k/a DirecTV 13–14 (Aug. 18, 2009) [Docket Entry No. 20]. ("Countercl.s").) They also brought a counterclaim for "disparagement of their good names and business reputations." (*Id.*) Plaintiff filed its Motion to Dismiss pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure. (Pl.'s Mot. to Dismiss Def.s' Countercl. (Sept. 10, 2009) [Docket Entry No. 25].) The Court inadvertently did not consider Defendants' response to Plaintiff's motion, which was filed twenty-two days beyond the deadline to respond to Plaintiff's motion. (*See* Def.s' Resp. in Opposition to Pl.'s Mot. to Dismiss (Oct. 16, 2009) [Docket Entry No. 31].) The Court issued an Order that dismissed Defendants' counterclaims without considering Defendants' response to Plaintiff's motion. (Order on Mot. to Dismiss Countercl.s (Nov. 9, 2009) [Docket Entry No. 36].)

(Order on Mot. for Reconsideration (Nov. 30, 2009) [Docket Entry No. 38].) The Court denied the Defendants' motion for reconsideration on the grounds that Defendants had failed to respond to the motion before the deadline imposed by the Rules of the Western District of Texas, making it unnecessary for the Court to have considered Defendants' response. (*Id.* at 4.) The Court, however, did not summarily dismiss the substance of Defendants' arguments. The Court analyzed Defendants' counterclaims to find that "[e]ven if the Court were to have considered Defendants' response, Plaintiff would still succeed on its motion to dismiss Defendants' counterclaims." (*Id.*) On Defendants' own request, the Court severed the counterclaims from the case and rendered a final judgment so that they may file an interlocutory appeal on the matter. (*Id.* at 7.) On December 10, 2009, Defendants filed their motion for a new trial and requested a hearing and oral argument. (Mot. for New Trial & Req. for Hr'g & Oral Argument (Dec. 10, 2009) [Docket Entry No. 40] ("Mot.").). Plaintiff J&J Sports Productions, Inc. has responded to the motion. (Resp. to Mot. for New Trial (Dec. 17, 2009) [Docket Entry No. 41] ("Resp.").)

## Defendants' Motion

Defendants bring their motion "pursuant to Federal Rules of Civil Procedure 54 or in the

alternative pursuant to Rule 50(b); (c)." (Mot. at 1.) Defendants request a new trial on their counterclaims, arguing that due process requires notice of a perceived infirmity in their pleadings and that the Court's reasoning is not supported because "the Court misunderstood the basis for their Counterclaims." (*Id.* ¶¶ 11–12.) They further state that the Court refused to consider their response to J&J Sports Production's motion to dismiss, which clarified their claims. (*Id.* ¶ 12.)

## Discussion

Plaintiff correctly points out the procedural defects of the pending motion. "[N]either [Rules] 54 nor 50 provide for Defendants' requested relief. [Rule 54] does not provide for a new trial at all. [Rules] 50(b) and (c) apply to jury trials in which a party has moved for judgment as a matter of law . . . ." (Resp. at 2–3.) The Court will assume that this is a "motion for reconsideration" of an interlocutory order pursuant to Rule 54(b) or to alter or amend a judgment pursuant to Rule 59(e). Analysis under Rule 54(b) is informed by Rule 59(e), which requires (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002) (discussing requirements of Rule 59(e)); *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, No. 4:06-CV-292-Y, 2009 WL 2474771, at *3 (N.D. Tex. Aug. 13, 2009) (using Rule 59 to inform analysis under Rule 54); *T-M Vacuum Prods., Inc. v. TAISC, Inc.*, No. C-08-309, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008) (same).

The Court will interpret Defendants' motion as alleging the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. The motion amounts to a request for reconsideration of the Court's order on Defendants' motion for reconsideration. In that order, the Court provided the Defendants precisely what they requested in the Motion for Reconsideration . . .

*or for Severance*: "that the Court grant a severance and enter a final judgment on these dismissed counterclaims so that the defendants may immediately file an appeal of this matter." (Mot. for Reconsideration of the Court's Order on Pl.'s Mot. to Dismiss Counter-Cl.s or for Severance (Nov. 20, 2009) [Docket Entry No. 36].) In the order on the motion to reconsider, the Court admitted that it did not consider Defendants' response to Plaintiff's motion to dismiss, but recognized that Defendants' failure to respond as required by the Rules of the Court meant that the Court was within its discretion to disregard their response. (Order at 4.)

In any case, to ensure that a decision was rendered on the merits of their arguments, the Court reviewed Defendants' response and evaluated the substance of their counterclaims, noting that they failed to state a claim. (*Id.* at 5–7.) Defendants allege that they were not provided with an opportunity to amend their pleadings. First, Plaintiff's motion to dismiss Defendants' counterclaims placed them on notice that their allegations were potentially infirm. Second, the Court's consideration of a motion pursuant to Rule 12(b)(6) and the parties' arguments before the Court presented no basis for leave to amend pleadings. Third, the Court granted the relief sought by Defendants in the event that the Court denied their motion for reconsideration.[1]

---

[1]*Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242 (5th Cir. 1997) is distinguishable from this case. In *Lowrey*, the Fifth Circuit found that the trial court abused its discretion when it refused to grant an *unopposed motion for leave to amend* filed by Lowrey in response to Texas A&M University System's motion to dismiss. This is not the procedural posture of this case. Here, Defendants failed to respond timely, Defendants' response did not seek leave of the Court to amend pleadings, and Defendants requested that the Court sever and grant judgment on their counterclaims in their motion for reconsideration, which the Court granted. Moreover, unlike *Lowrey*, the Court evaluated the substance of Defendants' claim to find that it was insufficient. "It is not the court's place to speculate or imagine what the [pleading party's] claims may be." *Martin v. U.S. Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990), *aff'd*, 929 F.2d 697 (5th Cir. 1991) (unpublished table decision). Furthermore, Defendants are not *pro se*, but are represented by counsel who requested the very relief this Court granted. *Cf. Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (regarding leniency provided by district courts to *pro se* litigants).

## Conclusion

For the aforementioned reasons, Defendants' motion is DENIED.

It is so ORDERED.

SIGNED this 18th day of December, 2009.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE